UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| PALMER STEEL SUPPLIES, INC., } | |
| Plaintiff, } | |
| v. } | Case No.: 2:16-CV-44-RDP |
| BL HARBERT INTERNATIONAL LLC., } et al., } | |
| Defendants. } | |

## MEMORANDUM OPINION

This matter is before the court on B.L. Harbert International, L.L.C.'s ("BLHI") Motion for Default Judgment against AIM Fabricators, LLC ("AIM Fabricators"). (Doc. # 129). On November 16, 2017, the court reminded the parties to brief BLHI's Motion under Exhibit B to the court's Initial Order (Doc. # 58), which required any response to the Motion to be filed within ten (10) days. (Doc. # 130). Thus, any response to BLHI's Motion was due on or before November 27, 2017. No response to the Motion has been filed.

**1. Background**

BLHI was the prime contractor on an overseas construction project referred to as Project 832. (Doc. # 45 ¶¶ 5, 17). Harbert issued a purchase order to AIM Steel International, Inc. ("AIM Steel") for a supply of structural steel for the project. (Doc. # 45 ¶ 6; Doc. # 129-1 ¶ 4)]. AIM Steel entered into a Master Services Agreement with AIM Fabricators. Under that agreement AIM Steel issued purchase orders for steel fabrication to Palmer Steel Supplies, Inc. ("Palmer"). (Doc. # 45 ¶ 11; Doc. # 129-1 ¶ 5).

BLHI paid AIM Steel for the supplies BLHI received, but Palmer allegedly never received payment for the steel it supplied. (Doc. # 45; Doc. # 129-1 ¶¶ 5-6). Palmer filed this

lawsuit against BLHI and AIM Steel. (Doc. # 45 ¶ 16; Doc. # 129-1 ¶ 7). BLHI filed cross-claims against both AIM Steel and AIM Fabricators (Doc. # 24; Doc. # 129-1 ¶ 8), which were subsequently amended (Doc. # 45). Service of BLHI's cross-claim against AIM Fabricators was acknowledged by AIM Fabricator's counsel. (Doc. # 34).

BLHI, AIM Steel, and AIM Fabricators entered into a "Mediation and Interim Settlement Agreement" under which AIM Steel and AIM Fabricators agreed to pay lower-tier suppliers, and obtain releases of BLHI and its sureties from payment claims by lower-tier suppliers or defend and indemnify BLHI from such claims. (Doc. # 45 ¶ 28; Doc. # 129-1 ¶ 9]. Based on this agreement, AIM Fabricators was obligated to defend and indemnify BLHI and to hold BLHI harmless for payment claims brought by lower-tier suppliers, like Palmer. (Doc. # 45 ¶¶ 43-46; Doc. # 129-1 ¶ 11). Thus, if Palmer was entitled to payment, AIM Fabricators would be liable for amount of Palmer's judgment plus all attorneys' fees, costs, and expenses of litigation incurred by BLHI for defending against Palmer's claims. (Doc. # 45 ¶¶ 43-46; Doc. # 129-1 ¶¶ 11-12).

To resolve Palmer's claims against it, BLHI paid Palmer $400,000 for the steel Palmer provided to AIM Steel for the Project, but for which AIM Steel refused to pay Palmer. (Doc. # 129-1 ¶ 10). BLHI also incurred attorneys' fees, costs and expenses in the amount of $141,130.11 in defending against Palmer's claims. (Doc. # 129-1 ¶ 12). Under the Mediation and Interim Settlement Agreement, AIM Fabricators is obligated to indemnify BLHI for the $400,000 payment, and for BLHI's costs and expenses in defending against Palmer's claims. (Doc. 45 ¶¶ 28, 43-46; Doc. # 129-1 at 9-11).

BLHI now seeks a Rule 55(b) default judgment against AIM Fabricators in the amount of the $400,000 it paid to Palmer in settlement of Palmer's claims against it, together with its fees,

costs, and expenses incurred in defending against those claims. (Doc. # 45, ¶¶ 43-46; Doc. # 129 at 5). For the reasons outlined below, BLHI's Motion (Doc. # 129) is due to be granted.

## II. Standard of Review

Rule 55(b) states in relevant part:

(b) **Entering a Default Judgment**.

(1) *By the Clerk*. If the plaintiff's claim is for a sum certain or for a sum which can be made certain by computation, the clerk--on the plaintiff's request, with an affidavit showing the amount due--must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor or incompetent person.

(2) *By the Court*. In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to:

    (A) conduct an accounting;

    (B) determine the amount of damages;

    (C) establish the truth of any allegation by evidence; or

    (D) investigate any other matter.

Fed.R.Civ.P. 55(b)(1),(2). If the defendant is not an infant or an incompetent person, the court may enter a default judgment against the defendant because of the defendant's failure to appear or defend. Fed. R. Civ. P. 55(b)(2). "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

Although this court permits the Clerk of Court to *enter* default when appropriate pursuant to Rule 55(a),[1] it is the practice of the judges of this court to reserve all decisions about the entry of a Rule 55(b) default *judgment* for the discretion of the particular judge to which the case is assigned, even when Rule 55(b)(1) permits the Clerk of Court to enter a default judgment because the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain. Thus, Plaintiff's motion for default judgment in this case is properly before the undersigned.

A defaulting defendant "admits the plaintiff's well-pleaded allegations of fact" for purposes of liability. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (internal quotation marks omitted)).

### III.    Procedural History

On January 8, 2016, the original Complaint in this matter was filed by Palmer against BLHI, AIM Steel, and the sureties. (Doc. # 1). BLHI's Answer was filed on April 15, 2016. (Doc. # 24). BLHI also filed a crossclaim against AIM Steel International, Inc. and AIM Fabricators. (*Id.*). BLHI filed an amended crossclaim against AIM Steel and AIM Fabricators (Doc. # 45), which was answered by both entities. (Doc. # 67).

On August 9, 2016, counsel for AIM Steel and AIM Fabricators moved to withdraw, citing nonpayment. (Doc. # 78). On August 11, 2016, the court held a telephone conference, and subsequently ordered AIM Fabricators to retain substitute counsel on or before September 30, 2016. (Doc. # 81). On September 30, 2016, AIM Fabricators informed the court that, although it had not yet retained counsel, it was actively engaged in doing so. (Doc. # 83). The court

---

[1] Rule 55(a) provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Fed. R. Civ. P. 55(a).

extended AIM Fabricators' deadline to retain substitute counsel to October 7, 2016. (Doc. # 84). On October 18, 2016, AIM Fabricators' former counsel informed the court that no substitute counsel had been retained by AIM Fabricators. (Doc. # 89). Soon after, both AIM Steel and AIM Fabricators filed bankruptcy petitions.

On March 16, 2017, AIM Fabricators' bankruptcy petition was dismissed. (*In re AIM Fabricators, LLC*, Bankr. N.D. Ga, Case No. 16-70290, Doc. # 9). The Bankruptcy Court dismissed the petition because it "was commenced for the purpose of invoking the automatic stay against discovery sought from one or more of Debtor's principals or former principals in pending litigation in which Debtor is named as a defendant," which is not a legitimate bankruptcy purpose. (Doc. # 101 (quoting *In re AIM Fabricators, LLC*, Bankr. N.D. Ga, Case No. 16-70290, Doc. # 7 at *3)).

On April 5, 2017, the court ordered the parties in this case to file a revised Rule 26(f) Planning Report. (Doc. # 103). However, AIM Fabricators was nonresponsive to the other parties' efforts to draft the Report. Therefore, the court set a status conference for May 10, 2017, and ordered a representative of AIM Fabricators to attend. (Doc. # 105). The court noted (in bold and all-caps) that "failure to attend, or any other failure to comply with court orders, may result in the imposition of sanctions, up to and including entry of default judgment." (Doc. # 105). AIM Fabricators failed to appear.

On May 11, 2017, the court ordered AIM Fabricators to show good cause why default should not be entered against it "due to (1) its failure to participate in discovery, (2) its failure to abide by the court's Orders, and (3) its apparent abandonment of its defense of this case." (Doc. # 110). Again, AIM Fabricators failed to respond. Therefore, on July 6, 2017, the court directed

the Clerk of Court to enter default against AIM Fabricators. (Doc. # 121). The Clerk of Court entered default against AIM Fabricators and in favor of Palmer. (Doc. # 122).

BLHI now moves the court for an entry of default judgment on its claim for indemnification and fees, costs, and expenses against AIM Fabricators. (Doc. # 45 at 10).

**IV.     Conclusion**

The court finds that the requirements of Rule 55(b)(2) are satisfied in this case. On the issue of damages and fees and costs, "all essential evidence is already on record," *Sec. Exch. Comm'n v. Smyth*, 420 F.3d 1225, 1231–32 & n.13 (11th Cir. 2005), and, therefore, a hearing is not required. See Fed. R. Civ. P. 55(b)(2). Having considered BLHI's amended cross-claim (Doc. # 45) and its evidentiary submission (Doc. # 129-1), the court finds that BLHI is entitled to recover from AIM Fabricators the $400,000 it paid in settlement of Palmer's claims, as well as the $141,130.11 it incurred in attorneys' fees, costs and expenses.

A separate order will be entered.

**DONE** and **ORDERED** this November 29, 2017.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE